UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN SMITH,

          Petitioner,

v.                           Case No. 23-CV-1405

JASON BENZEL,[1]

          Respondent.

## RECOMMENDATION AND ORDER

Alan Smith, who is incarcerated at Dodge Correctional Institution following the revocation of his probation, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the filing fee, and he submitted a letter requesting that the court delay reviewing his petition so he could hire an attorney. (ECF No. 11.)

Smith subsequently wrote that he intended his letter regarding his efforts to retain counsel for a different case he has pending in this court. (ECF No. 14.) Therefore,

---

[1] Alan Smith filed his petition while incarcerated at the Milwaukee County Jail and therefore named the official in charge of that facility, Milwaukee County Sheriff Denita Ball (incorrectly spelled Denita Bull on the docket). Smith is currently incarcerated at Dodge Correctional Institution. The warden of that institution is Jason Benzel. He is substituted as the respondent in this action. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 25(d).

the court will procced to review his petition. Smith is reminded that any document that he submits to the court must be clearly marked with the applicable case number.

A person in custody pursuant to a state court judgment may pursue federal habeas corpus relief only after he has exhausted his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). "A petitioner has exhausted his state court remedies where he has 'no further available means for pursuing a review of one's conviction in state court.'" *Sanders v. Paquin*, No. 09-cv-472-bbc, 2009 U.S. Dist. LEXIS 69068, at *9 (W.D. Wis. Aug. 7, 2009) (quoting *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985)).

Smith acknowledges that he has made no effort to exhaust his remedies in state court. He asserts that no procedure exists to challenge the revocation of his probation. (ECF No. 1 at 2.)

In Wisconsin, the administrative appeals process is the first step in challenging the revocation of probation. "It is a long-standing rule in Wisconsin that a state inmate has 45 days within which to challenge an administrative decision to revoke his probation or parole by filing a petition for a writ of certiorari in the court of conviction." *Sanders v. Paquin*, No. 09-cv-472-bbc, 2009 U.S. Dist. LEXIS 69068, at *11 (W.D. Wis. Aug. 7, 2009) (citing Wis. Stat. §§ 301.048(3)(d) and 893.735; *Bartus v. Wisconsin Department of Health and Social Services*, 176 Wis. 2d 1063, 1079, 501 N.W.2d 419, 427 (1993); *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 550, 185 N.W.2d 306, 311 (1971); *State ex rel. Reddin v. Galster*, 215 Wis. 2d 179, 183, 572 N.W.2d 505, 507 (Ct. App. 1997)).

Thus, "[i]n order to satisfy the exhaustion requirement, a Wisconsin prisoner seeking to challenge an administrative decision revoking his probation or parole must first present his claims to the state courts by means of a petition for a writ of certiorari." *Kalk v. Smith*, No. 06-C-0458, 2007 U.S. Dist. LEXIS 4534, at *2 (E.D. Wis. Jan. 22, 2007). If unsuccessful with a petition for a writ of certiorari filed in the circuit court for the county in which he was convicted, he must then appeal the circuit court's decision to the court of appeals and, if unsuccessful there, must seek review by the Wisconsin Supreme Court. *Griffin v. Hafemann*, No. 15-C-140, 2015 U.S. Dist. LEXIS 15872, at *2-3 (E.D. Wis. Feb. 9, 2015); *Walker v. Gehring*, No. 14-C-645, 2014 U.S. Dist. LEXIS 152227, at *2 (E.D. Wis. Oct. 28, 2014). Only then, if all these steps prove unsuccessful, may a Wisconsin prisoner turn to federal court with a petition for a writ of habeas corpus regarding the revocation of his probation. *See Morris v. Hompe*, No. 08-cv-100-bbc, 2008 U.S. Dist. LEXIS 27769, at *2 (W.D. Wis. Apr. 2, 2008); *Torstenson v. Wis. Dep't of Corr.*, No. 06-C-0720-C, 2007 U.S. Dist. LEXIS 1498, at *5 (W.D. Wis. Jan. 3, 2007).

Smith acknowledges he has not pursued a certiorari petition, much less exhausted his appeals regarding it. Therefore, the court will recommend that Smith's petition be dismissed for failure to exhaust his state court remedies. Because it is possible Smith may yet be able to pursue a certiorari petition, the court will recommend that the petition be dismissed without prejudice. *See Kalk v. Smith*, No. 06-C-0458, 2007 U.S. Dist. LEXIS 4534, at *3 (E.D. Wis. Jan. 22, 2007).

**IT IS THEREFORE RECOMMENDED** that Smith's petition and this action be dismissed without prejudice.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 25th day of January, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge